# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BUILDING RESILIENT INFRASTRUCTURE
& DEVELOPING GREATER EQUITY, INC.,

    Plaintiff,

v.

CONSUMER FINANCIAL PROTECTION
BUREAU *and* RUSSELL VOUGHT, *in his official capacity as Director of the Consumer Financial Protection Bureau*,

    Defendants.

Case No. 8:25-cv-1367-TPB-NHA

## Unopposed Motion for Extension of Time to File Opposition to Plaintiff's Motion for Preliminary Injunction

Defendants Consumer Financial Protection Bureau (CFPB) and Russell Vought, in his official capacity as Director of the CFPB, submit this unopposed motion for an extension of time to file an opposition to Plaintiff Building Resilient Infrastructure & Developing Greater Equity, Inc.'s (BRIDGE's) motion for preliminary injunction. In particular, Defendants request a two-week extension to file their opposition. Defendants have conferred with counsel for Plaintiff, who does not oppose the relief sought here.

In support of this Motion, Defendants state as follows:

1. On December 17, 2024, the CFPB issued a final rule entitled *Residential Property Assessed Clean Energy Financing (Regulation Z)* (PACE Rule), addressing the regulatory framework governing PACE loans, i.e., voluntary financing arrangements for certain home improvement projects that leverage the property tax system for administration of payment. 90 Fed. Reg. 2434, 2434-35 (Jan. 10, 2025). On May 28, 2025, Plaintiff filed the instant action under the Administrative Procedure Act challenging the PACE Rule. ECF No. 1. A week later, on June 5, BRIDGE file a motion for preliminary injunction. ECF No. 23.

2. Under the Court's local rules, Defendants' response is due June 19, 2025. *See* Local Rule 3.01(c).

3. Defendants respectfully request a two-week extension to adequately brief their opposition to Plaintiff's motion.

4. Plaintiff seeks a preliminary injunction based on three of its challenges to the PACE Rule: that the CFPB exceeded its statutory authority in promulgating the Rule; that the Rule and the statutory provision authorizing the Rule violate non-party states' Tenth Amendment rights; and that the Rule is arbitrary and capricious because it relied in part on an empirical study published by the CFPB that BRIDGE claims is flawed. Fully responding to Plaintiff's motion requires applying regulatory, statutory, and constitutional law to PACE financing arrangements considering the extensive rulemaking record present here.

5. To adequately address these issues, Defendants would benefit from a short extension, particularly in light of Defendants' counsel preexisting leave and professional obligations, including one of Defendants' counsel traveling this week to participate in oral argument in another matter.

6. This is Defendants first request for an extension in this action.

7. Plaintiff does not oppose Defendants' request.

Accordingly, Defendants respectfully request a two-week extension such that their opposition to Plaintiff's motion for preliminary injunction be due by July 3, 2025.

Dated: June 9, 2025

Respectfully Submitted,

MARK PAOLETTA
*Chief Legal Officer*
DANIEL SHAPIRO
*Deputy Chief Legal Officer*
VICTORIA DORFMAN
*Senior Legal Advisor*
CHRISTOPHER DEAL
*Assistant General Counsel for Litigation*

/s/ Joseph Frisone
Joseph Frisone (VA Bar No. 90728)
Andrea Matthews (MA Bar No. 694538)
*Senior Counsel*
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Joseph.Frisone@cfpb.gov
Andrea.Matthews@cfpb.gov
(202) 435-9287

## Local Rule 3.01(g) Certification

I hereby certify that on June 6, 2025, counsel for the Defendants conferred with counsel for Plaintiff via e-mail regarding the instant motion. Plaintiff does not oppose Defendants' request for a two-week extension to file an opposition to Plaintiff's motion for preliminary injunction.

/s/ Joseph Frisone