# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| BUILDING RESILIENT INFRASTRUCTURE & DEVELOPING GREATER EQUITY, INC., *Plaintiff*, v. CONSUMER FINANCIAL PROTECTION BUREAU *and* RUSSELL VOUGHT, *in his official capacity as Acting Director, Consumer Financial Protection Bureau*, *Defendants*. | Case No. 8:25-cv-1367 |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE REPLY**

Plaintiff respectfully moves under Local Rule 3.01(d) for leave to file a seven-page Reply in Support of its 25-page Motion For Preliminary Injunction, Dkt.23, to fully apprise the Court of the important legal and equitable issues raised by Plaintiff's motion and the corresponding 20-page Opposition of Defendants Consumer Financial Protection Bureau and Russell Vought (collectively, "CFPB"), Dkt.40. Plaintiff requests leave to file its proposed Reply by July 18, 2025, or one week after the Court grants this Motion, whichever is later. Counsel for Plaintiff has conferred with Counsel for CFPB, who does not oppose this Motion. In further support, Plaintiff states:

1. A reply is necessary to apprise fully the Court of the important merits issues here. In its motion, Plaintiff argued that the Final Rule, 90 Fed. Reg. 2434, violates Section 307 of EGRRCPA, Dkt.23 at 7–11; violates the Tenth Amendment to the U.S. Constitution, Dkt.23 at 11–16; and violates the APA's arbitrary-and-capricious

standard, Dkt.23 at 17–20.  In its Opposition, CFPB responds to each of Plaintiff's merits arguments.  *See* Dkt.40.  For example, CFPB argues that its "preexisting interpretive authority . . . under TILA," not EGRRCPA, supports the Final Rule, Dkt.40 at 4, 7; that the Final Rule does not violate the Tenth Amendment because PACE assessments are voluntary, meaning that they cannot be "taxes for purposes of the Tenth Amendment," Dkt.40 at 11–12; and that its reliance on the PACE Report was not arbitrary and capricious and any errors in the report "would not affect the portions of the Rule that Plaintiff claims will harm its members," Dkt.40 at 17.  A reply from Plaintiff would explain why these (and other) merits arguments from CFPB all fail, for the benefit of the Court.

    2. Relatedly, a reply is also necessary for the Court's full adjudication of the equitable issues involved here.  In its motion, Plaintiff argued that failing to enjoin preliminarily the Final Rule will irreparably harm Plaintiff and its members because they have and, absent an injunction, will continue to incur significant compliance costs that threaten their businesses and cannot be recouped.  Dkt.23 at 20–23.  Plaintiff also argued that the public interest and the balance of the equities favor injunctive relief because the Final Rule is likely unlawful and threatens PACE programs that provide important public benefits.  Dkt.23 at 23–25.  CFPB opposes these equitable arguments in its Opposition, including by claiming that, for example, Plaintiff "delay[ed]" filing this lawsuit for five months with "no explanation."  Dkt.40 at 18.  Affording Plaintiff a reply would allow it to explain why CFPB's claims of "delay" are unfounded and without any precedent in any comparable cases.

3. Finally, Plaintiff's proposed seven-page limit and July 18 deadline are both reasonable and unopposed by counsel for CFPB. The seven-page limit complies with the limit set forth in this Court's Local Rule 3.01(d) for summary-judgment replies. Relatedly, the July 18 deadline, for its part, closely adheres to Local Rule 3.01(d)'s 14-day time limit for filing a reply to a response to a motion for summary judgment, given CFPB's filing of its Opposition on July 3, 2025.

4. Finally, Counsel for Plaintiff conferred with Counsel for CFPB on the entirety of this Motion, including the seven-page limit and July 18 deadline, and CFPB has no opposition.

Therefore, Plaintiff respectfully requests that the Court grant this Motion For Leave To File Reply.

Respectfully Submitted July 8, 2025,

JOHN S. GIBBS III
Florida Bar No. 91102
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street N.E., Suite 3000
Atlanta, Georgia 30308
(404) 885-3000
evan.gibbs@troutman.com

*Admitted pro hac vice*

*Attorneys for Plaintiff*

/s/ *Misha Tseytlin*
MISHA TSEYTLIN*
*Counsel of Record*
KEVIN M. LEROY*
CARSON A. COX*
ALEXANDER J. HILL*
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Dr., Suite 4100
Chicago, Illinois 60606
(608) 999-1240 (MT)
misha.tseytlin@troutman.com

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that on the 8th day of July, 2025, I conferred with Defendants' counsel, who do not oppose this Motion.