UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BUILDING RESILIENT INFRASTRUCTURE
& DEVELOPING GREATER EQUITY, INC.,

    Plaintiff,

v.                                                 Case No. 8:25-cv-1367-TPB-CPT

CONSUMER FINANCIAL PROTECTION
BUREAU and RUSSELL VOUGHT, in his
official capacity as Acting Director, Consumer
Financial Protection Bureau,

    Defendants.
_____/

## ORDER DENYING "PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION"

This matter is before the Court on "Plaintiff's Motion for Preliminary Injunction," filed on June 5, 2025. (Doc. 23; 24; 25; 26; 27). On July 3, 2025, Defendants Consumer Financial Protection Bureau ("CFPB") and Russell Vought, in his official capacity as acting director, filed a response in opposition. (Doc. 40). On July 15, 2025, Plaintiff Building Resilient Infrastructure & Developing Greater Equity, Inc. filed a reply. (Doc. 43). The Court conducted a hearing on September 17, 2025, to address this and other matters. (Docs. 46; 48). On October 3, 2025, the parties submitted a joint supplement at the Court's request. (Doc. 50). On October 8, 2025, the Court held another hearing on the motion for preliminary injunction. (Docs. 51; 54). Upon review of the motion, response, reply, joint supplement, legal arguments, case file, and record, the Court finds as follows:

Residential Property Assessed Clean Energy ("PACE") financing is a government initiative that multiple states – including Florida – have adopted.[1] This program allows a homeowner to finance certain energy efficient and weather-hardening home-improvement projects through a voluntary assessment paid through the homeowner's regular property tax bill. In a typical PACE financing agreement, the local government or third-party PACE administrator will agree to arrange financing for the home improvement project (that is, pay the contractor performing the work on behalf of the homeowner). The homeowner agrees to repay the costs of the improvement through a tax assessment over a period of time – generally between five- and thirty-year terms. PACE loans use the residence as collateral for the financing, and any repayment obligation remains with the property when property ownership transfers.

In 2018, Congress passed the Economic Growth, Regulatory Relief, and Consumer Protection Act ("EGRRCPA"), which required the CFPB to promulgate a rule applying the ability-to-repay protections and civil liability provision of the Truth in Lending Act ("TILA") to PACE financing. The statute further required the CFPB to account for the unique nature of PACE financing when issuing those regulations. When the CFPB did so, it also adjusted a decades-old regulatory exception to clarify that only *involuntary* tax liens and assessments are excluded from the definition of credit; consequently, PACE loans are "credit" when they meet TILA's credit definition as *voluntary* tax liens and assessments. In effect, the final rule promulgated – the

---

[1] Although at least 19 states and the District of Columbia have enabling legislation allowing residential PACE programs, only a few states – primarily California, Florida, and Missouri – have active residential PACE programs. Most PACE programs exist in California and Florida.

Residential Property Assessed Clean Energy Financing (Regulation Z), 90 Fed. Reg. 2434 (Jan. 10, 2025) – purports to essentially apply all TILA provisions as well as portions of the Real Estate Settlement Procedures Act ("RESPA") and the Secure and Fair Enforcement for Mortgage Licensing Act of 2008 ("SAFE Act"), to PACE financing transactions.

Plaintiff brings suit to enjoin what it contends is an unlawful final rule that would devastate the PACE industry. Specifically, Plaintiff claims that the final rule (1) exceeds the CFPB's statutory authority by applying essentially all TILA provisions to PACE financing, (2) violates the Tenth Amendment by regulating States' sovereign taxing authority, and (3) is arbitrary and capricious.

Plaintiff seeks a preliminary injunction to prevent the final rule from taking effect. To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

To succeed on its motion, Plaintiff must establish a substantial likelihood of success on the merits and irreparable injury. Based on the current record, the Court

concludes that Plaintiff has not done so here.  This is not to say that Plaintiff could not ultimately succeed in this case, and this Order should not be read to be a predictive ruling upon the merits of Plaintiff's claims.[2]  Rather, the Court believes that the issues presented are highly complex and are better resolved at the summary judgment stage of the proceedings, with a more developed factual record and more detailed briefing. *See Butler v. Garland*, No 1:24-cv-975-CLM, 2024 WL 5424418, at *1 (N.D. Ala. Nov. 4, 2024) ("Rather than spend time supplementing the *preliminary* injunction record with new evidence and arguments about *preliminary* issues, the better course is to push this case to final resolution.").  The Court has entered an expedited briefing schedule and intends to push this case to final resolution without the need for a preliminary injunction.  As such, the motion is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion for Preliminary Injunction" (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 3rd day of November, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff's argument that the final rule violates the Tenth Amendment seems unlikely to succeed.  Simply put, it does not appear from the briefing to date that PACE financing transactions are a *tax*, and that regulations on such financing transactions could establish a violation of the Tenth Amendment.  As such, Plaintiff may be better served by focusing its attention on its other arguments as part of its forthcoming summary judgment motion.