# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BUILDING RESILIENT INFRASTRUCTURE
& DEVELOPING GREATER EQUITY, INC.,
      *Plaintiff,*

v.

CONSUMER FINANCIAL PROTECTION
BUREAU *and* RUSSELL VOUGHT, *in his official capacity as Acting Director, Consumer Financial Protection Bureau*,
      *Defendants.*

Case No. 8:25-cv-1367

## PLAINTIFF'S MOTION FOR
## INJUNCTION PENDING APPEAL

Plaintiff Building Resilient Infrastructure & Developing Greater Equity, Inc. ("BRIDGE") respectfully requests an injunction pending its now-filed appeal of this Court's February 12, 2026 Order, Dkt.75 ("Order"), which Order denied BRIDGE's motion for a summary judgment against the Consumer Financial Protection Bureau ("CFPB") rule entitled Residential Property Assessed Clean Energy Financing (Regulation Z), 90 Fed. Reg. 2434 (Jan. 10, 2025) ("Final Rule"), and the associated final judgment, Dkt.76. BRIDGE fully appreciates that in light of this Court's summary judgment ruling, this Court is likely to deny this Motion. BRIDGE thus respectfully requests that this Court issue its decision immediately without need for a response from CFPB, Fed. R. App. P. 8(a), as it did previously, Dkt.60.

In support of this Motion BRIDGE explains as follows:

1. A plaintiff seeking "an injunction pending appeal" must satisfy four factors: "(1) a substantial likelihood that [it] will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movant] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021) (alterations in original) (citation omitted). For the first factor, the movant must make "a showing of only *likely* or probable, rather than *certain*, success," *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 n.12 (11th Cir. 2020) (citation omitted), and courts must balance the strength of a plaintiff's showings on the equities and likelihood of success, *Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010) (citation omitted). For the second factor, "irreparable harm" includes monetary losses that cannot be recouped, *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 765 (2021) (per curiam), including where a plaintiff cannot "recover monetary damages because of sovereign immunity," *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1289 (11th Cir. 2013). The Administrative Procedure Act's ("APA") limited waiver of sovereign immunity does not allow recovery of money damages against an agency, 5 U.S.C. § 702; *see Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999), meaning substantial, "nonrecoverable" compliance "costs" a party incurs because of an agency's challenged rule constitute irreparable harm, *Ohio v. EPA*, 603 U.S. 279, 291–92 (2024) (citation omitted). The third and fourth factors "merge" where the nonmovant is the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009). "[T]here

is generally no public interest in the perpetuation of unlawful agency action." *Florida v. Becerra*, 544 F. Supp. 3d 1241, 1304 (M.D. Fla. 2021) (citing *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). Finally, "granting a[n injunction] that simply maintains the status quo pending appeal 'is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the [injunction] would inflict irreparable injury on the movant.'" *LabMD, Inc. v. FTC*, 678 F. App'x 816, 819 (11th Cir. 2016) (citation omitted); *accord Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977).

2. BRIDGE seeks this injunction pending appeal on the basis of its claims that the Final Rule is unlawful because it exceeds Congress' narrow statutory grant of rule-making authority to CFPB under Section 307 of the Economic Growth, Regulatory Relief, and Consumer Protection Act ("EGRRCPA") to "prescribe regulations that carry out the purposes of" the Truth in Lending Act's ("TILA") ability-to-repay provision "with respect to [PACE]" while ensuring that such regulations "account for the unique nature of [PACE,]" 15 U.S.C. § 1639c(b)(3)(C)(ii); that the CFPB's reliance on the PACE report was arbitrary and capricious based on the PACE Report's flaws, and that the CFPB violated the Tenth Amendment by unlawfully infringing upon State taxation authority and by commandeering State officials. *See generally* Dkts.57, 63; *contra* Dkts.62, 66. BRIDGE respectfully submits that the 11th Circuit is likely to reach a different conclusion than this Court on those issues, for the reasons it has explained to this Court in its extensive briefing. Dkts.57, 63. BRIDGE is not planning to appeal

its claim that the CFPB's failure to convene a small business review panel is a violation of the Regulatory Flexibility Act.

3. BRIDGE, its members, and the public now face significant, immediate, and unrecoverable financial harm—including a serious risk of business closure—during BRIDGE's appeal of the Court's Order, which is sufficient to establish irreparable harm. *See Ala. Ass'n of Realtors*, 594 U.S. at 765; *Alsop v. DeSantis*, No.8:20-cv-1052-T-23SPF, 2020 WL 4927592, at *4 (M.D. Fla. Aug. 21, 2020); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2948.1 & n.24 (3d ed. 2025 update). Most relevant now, BRIDGE members Renew and Ygrene anticipate a 72% and 78% loss of funding volume, respectively, if the Final Rule takes effect on March 1. Dkt.25 ¶¶ 10(b)–(e), 11, Dkt.27 ¶¶ 10–13.

4. Finally, the balance of the equities and public interest—which merge here, *Nken*, 556 U.S. at 435—strongly favor enjoining the Final Rule during BRIDGE's appeal. Enjoining the Final Rule would be in the public's interest. An injunction would preserve States' current PACE programs which give homeowners, especially low-income, vulnerable homeowners in natural-disaster-prone areas, a reliable method to receive critical and socially beneficial home-improvement projects without credit cards, down payments, or incurring personal debt. *See* Dkt.57 at 2–3.

## CONCLUSION

For the reasons explained above, the Court should grant Plaintiff's Motion For Injunction Pending Appeal.

Dated February 16, 2026.

| | |
|---|---|
| JOHN S. GIBBS III<br>Florida Bar No. 91102<br>TROUTMAN PEPPER LOCKE LLP<br>600 Peachtree Street N.E., Suite 3000<br>Atlanta, Georgia 30308<br>(404) 885-3000<br>evan.gibbs@troutman.com<br>*Admitted pro hac vice* | */s/Misha Tseytlin*<br>MISHA TSEYTLIN,* *Lead Counsel*<br>TROUTMAN PEPPER LOCKE LLP<br>111 South Wacker Dr., Suite 4100<br>Chicago, Illinois 60606<br>(608) 999-1240<br>misha.tseytlin@troutman.com<br>*Attorneys for Plaintiff* |